UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER AND JULIE SCHULTZ,

    Plaintiffs,

v.

GENERAL R.V. CENTER, ET AL.,

    Defendants.
_____/

Case No. 04-72562

Honorable Nancy G. Edmunds

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS GENERAL R.V. CENTER'S AND DAMON CORPORATION'S MOTION FOR SUMMARY JUDGMENT [19, 22]**

This consumer warranty case arises out of Plaintiffs' purchase of a large recreational vehicle ("RV") that was manufactured by Defendant Damon Corporation ("Damon") and sold by Defendant General R.V. Center ("General RV"). This matter is currently before the Court on Defendants' motion for summary judgment. Specifically, Defendant General RV seeks summary judgment on each of Plaintiffs' claims against it. Defendant Damon, on the other hand, only seeks partial summary judgment. For the reasons stated below, this Court GRANTS IN PART and DENIES IN PART Defendants' motion.

**I.    Facts**

On June 1, 2003, Plaintiffs signed a purchase agreement with General RV, agreeing to purchase a 2003 Damon Escaper motor home, model number 4073, for $192,000. (Defs.' Ex. 1, 6/1/03 Purchase Agreement.) Plaintiffs also executed an installment sales contract, providing: the amount of the RV purchase price that would be financed; that

General RV would be assigning the installment sales contract to Fifth Third Bank; that Plaintiffs must make all future payments to the bank; and that General RV would hold a security interest in the RV being purchased. (Pls.' Ex. B, 5/30/03 contract.) On May 30, 2003, Plaintiffs also filled out an application for a motor home service contract with StarRV for the period of seven years or 75,000 miles and at a cost of $4,300. The application provides that "[t]his Application and Terms & Conditions together with **Your Identification Card** constitute your StarRV Service Contract." (Pls.' Ex. C at 2.)

Plaintiffs filed this action on July 12, 2004, against Defendants General RV, Damon, and Fifth Third Bank. Plaintiffs' complaint alleges that the RV was sold to them in a defective state, that the RV was out of service for repairs on at least five occasions for a variety of defects during the first four months of ownership, and that it continues to be in a defective state. (Compl. ¶¶ 9, 10.) Plaintiffs' complaint asserts the following claims: (1) breach express and implied warranties of merchantability in violation of Michigan law (Count I); (2) revocation of acceptance under Michigan law (Count II); (3) breach of express and implied warranties in violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* (Count III); and (4) violation of Michigan's Consumer Protection Act, Mich. Comp. Laws §§ 445.901, *et seq.* (Count IV). Plaintiffs have voluntarily dismissed their state-law misrepresentation/negligence claims. (Pls.' Resp. at 19.)

Plaintiffs' complaint provides a laundry list of problems with the RV; some patently minor, others sounding more serious.[1] Alleged defects include:

---

[1] Plaintiffs' affidavits, submitted as Exhibit A to their Response, are unsigned and unsworn and are thus hearsay that may not be considered on a motion for summary judgment. *See Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 619-20 (6th Cir. 2003).

2

> entry door handle, freezer door seal, shower door hinge pins, entry step modulator, bathroom awning will not pull down, molding on slide closet, chip in driver's mirror, missing wiper blade, missing wand for bathroom blinds, dryer vents, entry door weather stripping, fender skirt, compartment doors, window leaks, not hot water from water heater, bathroom exhaust fan handle, fuel cap, panel loose, compartment locks, light under t.v. inop, excessive "squeaking" noises from entry door, satellite t.v. not working, cable hookup problems, stain on ceiling, front bezel cracking, no sound from dvd player, living room slide does not close completely, rear air conditioner leaking, lights inop under stereo cabinet and freezer, screws missing from front dash, front dash pulling apart, driver's mirror vibrates, front air suspension not holding pressure, missing molding from passenger side trim, roof leaks above stereo cabinet, rotten smells, driver's side door misaligned, light over shower area inop, screws in slide track loose, loose screws on entry steps, window seals, ceiling lights, ceramic tiles have stress cracks, front cowel caving in, driver's roof fiberglass creasing, fiberglass below windshield creasing, water pooling on the roof, crack in the roof, water leaks.

(Compl. ¶ 18.)

## II.  Summary Judgment Standard

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In

3

evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

### III.   Analysis

#### A.   Claims Asserted Against General RV

##### 1.   Express and Implied Warranties

General RV first argues that, because it effectively disclaimed all express and implied warranties in the Purchase Agreement, Plaintiffs' breach of warranty claims under Michigan law must be dismissed. Plaintiffs respond that General RV's disclaimer is unenforceable because it is not conspicuous. This Court agrees with Plaintiffs. Defendant General RV's motion as to these claims is denied.

Michigan's Uniform Commercial Code ("UCC") allows sellers like General RV to disclaim implied warranties if that disclaimer is conspicuous or contains expressions like "as is", "with all faults" or similar language that "calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty". The statute provides, in pertinent part, that:

> (2) Subject to subsection (3), to exclude . . . the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be of a writing and conspicuous. Language to exclude all implied warranties of fitness is

4

sufficient if it states, for example, that "There are no warranties which extend beyond the description on the fact hereof."

    (3) Notwithstanding subsection (2):

        (a)   unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is", "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty; . . .

Mich. Comp. Laws § 440.2316(2), (3).

Michigan's UCC clarifies that the question whether language is "conspicuous" is for the Court to decide and defines "conspicuous" as follows:

> A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals . . . is conspicuous. Language in the body of a form is "conspicuous" if it is in larger or other contrasting type or color.

Mich. Comp. Laws § 440.1201(10). This Court now examines the disclaimer language in the Purchase Agreement.

The Purchase Agreement is a two-sided document. The disclaimer language is on the second page in paragraph 12 of 14 paragraphs of terms and conditions. It is single-spaced and, unlike the Arbitration Clause, is not entirely in capitals and is not in bold print. Rather, it provides as follows:

> 12.  <u>FACTORY WARRANTY</u>
> Unless a separate written document containing the terms of a Dealer warranty is furnished by the Dealer to the Purchaser, any warranty on any new vehicle, motor home or recreational vehicle is provided only by the Manufacturer thereof.   THE DEALER HEREBY DISCLAIMS, ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

(Defs.' Ex. 1, 6/01/03 Purchase Agreement at 2.)

5

On the front page of the Purchase Agreement, above Plaintiffs' signatures, there is also a clause, in all capitals and in red ink but not distinctively larger print, that provides:

> I HAVE READ THE TERMS ON THE BACK AND HAVE RECEIVED A COMPLETED COPY OF THIS AGREEMENT (SEE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS)

(*Id.* at 1.)

Despite General RV's claims to the contrary, this language is materially less noticeable than that present in *Harnden v. Lloyd Bridges, et al.*, Case No. 04-72036. A key difference is that in *Harnden*, the plaintiff signed an additional document titled "'AS IS' DEALER WARRANTY DISCLAIMER." Thus, there was no question in *Harnden* that a reasonable person ought to have noticed the warranty disclaimers. There is no additional "as is" language present in this case.

The disclaimer language in *Parsley v. Monaco Coach Corporation*, 327 F. Supp.2d 797, 800-801 (E.D. Mich. 2004) and *Ducharme v. A & S RV Center, Inc.*, 321 F. Supp.2d 843, 846-47 (E.D. Mich 2004), is also illustrative. In contrast to the purchase agreements in *Parsley* and *Ducharme*, there are no multiple references here to the disclaimers or multiple features that would allow a reasonable person to notice this language. *See id.* In contrast to *Parsley* and *Ducharme*, there is no language on the front page of the General RV Purchase Agreement in all capitals alerting the purchasers that "NOTE: WARRANTY AND EXCLUSIONS AND LIMITATIONS OF DAMAGES ON THE REVERSE SIDE." *Parsley*, 327 F. Supp.2d at 800; *Ducharme*, 321 F. Supp.2d at 846. Rather, the language on the front page of General RV's Purchase Agreement is similar to that found unenforceable in *Krupp PM Engineering, Inc. v. Honeywell, Inc.*, 530 N.W.2d 146 (Mich. Ct. App. 1995):

6

> to become aware that there is language on the back of the form containing terms and conditions that are incorporated into the contract, the reader must notice the words, "The Standard Terms and Conditions on the reverse side are a part hereof," which appear in small italicized print at the bottom of the front of the invoice. We do not believe that a reasonable person ought to be held to have noticed the exculpatory language.

*Id.* at 149. The same is true here. A reasonable person ought not to be held to have noticed the exculpatory language in General RV's Purchase Agreement.[2]

### 2. Remaining Claims Asserted Against General RV

General RV's arguments for dismissal of Plaintiffs' revocation of acceptance, Magnuson-Moss, and Michigan Consumer Protection Act claims are each premised on the claim that it effectively disclaimed all warranties and Plaintiffs accepted their RV "as is." For the reasons discussed above, this Court has rejected that core premise, and thus General RV's motion for summary judgment is denied as to these remaining claims.

### B. Claims Asserted Against Damon

### 1. Breach of Implied Warranty Claims

---

[2]Urging a different result, General RV points to three cases where it argues similar language was found to be conspicuous. General RV's reliance on *Pack v. Damon*, 320 F. Supp.2d 545 (E.D. Mich. 2004), *rev'd on other grounds,* 434 F.3d 810 (6th Cir. 2006), and *Michels v. Monaco Coach Co.*, 298 F. Supp.2d 642 (E.D. Mich. 2003), is misplaced. In *Pack*, the court addressed the arbitration clause in General RV's purchase agreement, not its warranty disclaimer language. Likewise, in the *Michels* decision, claims against General RV were never addressed. *Michels*, 298 F. Supp.2d at 643, n.2. Thus, the only decision on point is the unpublished decision in *Watson v. Damon Corp.*, No. 02-CV-584, 2002 WL 32059736 (W.D. Mich. Dec. 17, 2002). As to that non-binding decision, this Court respectfully disagrees with its reasoning and result.

Defendant Damon argues that, because there is no privity of contract between it and Plaintiffs, their Michigan breach of implied warranty claims against it must be dismissed. Damon further argues that, because Plaintiffs' breach of implied warranty claims under the Magnuson Moss Warranty Act are derivative of their state-law implied warranty claims, these too must be dismissed. The Court rejects Damon's arguments in light of a recent decision by the Sixth Circuit Court of Appeals predicting that the Michigan Supreme Court will hold that privity is not required under Michigan law for a breach of implied warranty claim. *See Pack v. Damon Corp.*, 434 F.3d 810, 818-820 (6th Cir. 2006). Damon's motion for summary judgment as to these claims is denied.

### 2. Revocation of Acceptance

Damon next argues that Plaintiffs' revocation of acceptance claim against it should be dismissed. This Court agrees with Damon. Under Michigan law, revocation of acceptance claims against remote manufacturers not in privity with sellers are barred. *Henderson v. Chrysler Corp.*, 477 N.W.2d 505, 508 (Mich. Ct. App. 1991). In *Henderson*, the court clarified that the sales contract, not a manufacturer's warranty, is controlling in a claim for revocation:

> We would find that, as a matter of policy, a manufacturer's warranty and a retail sales contract are not so closely linked in terms of subject matter and time of delivery that they constitute a single unit. . . . The fact that a manufacturer may be liable under its warranty provisions does not change the fundamental nature of the revocation remedy as being contractually based. We would not expose a manufacturer to essentially contractual liabilities and remedies on the basis that they provide other protections in the form of warranties. Actions against a manufacturer of a motor vehicle can be based on other specific statutes. M.C.L. Sec. 257.1401 *et seq.*; M.S.A. Sec. 9.2705(1) *et seq.* Therefore, we would leave plaintiff with this cause of action and remedies under the warranty.

*Id.* at 508 (internal citation omitted). Accordingly, Defendant Damon's motion is granted as to this claim.

### 3. Michigan Consumer Protection Act Claim

Finally, Damon argues that, if Plaintiffs are pleading a violation of Michigan's Consumer Protection Act ("MCPA") beyond their breach of warranty claims, this Court should require Plaintiffs to file an amended complaint specifying what sections of the Act they claim Damon violated and the facts giving rise to such violation. At the hearing on this matter, the Court was informed that Plaintiffs were conceding that their MCPA claims are derivative of their breach of warranty claims. Accordingly, Damon's request that Plaintiffs file an amended complaint is denied as moot.

## IV. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART. As to Plaintiffs' claims asserted against Defendant General RV, it is DENIED. As to Plaintiffs' claims asserted against Defendant Damon, it is GRANTED as to the claim for revocation of acceptance and DENIED as to all other claims.

    s/Nancy G. Edmunds
    Nancy G. Edmunds
    United States District Judge

Dated: April 3, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 3, 2006, by electronic and/or ordinary mail.

    s/Carol A. Hemeyer
    Case Manager